UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA P.,<br><br>                      Plaintiff,<br><br>        v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                      Defendant. | Case No. 3:23-cv-5225-TLF<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB") Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the Administrative Law Judge's ("ALJ") decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

On October 9, 2019, plaintiff filed an application for DIB. AR 260-74. On July 29, 2021 she filed an application for SSI. AR 286-95. Plaintiff alleged a disability onset date of January 1, 2013. AR 266. Plaintiff's claim was denied initially and upon reconsideration. AR 106-60. On November 8, 2021 a hearing was held before ALJ Rebecca Jones. AR 40-105. At the hearing she amended the onset date to August 31, 2018. AR 49. On December 21, 2021, ALJ Jones issued a decision denying plaintiff's

claim. AR 12-39. On January 18, 2023 the Appeals Council denied the request for review. AR 1-6.

The ALJ found plaintiff had the following severe impairments: Chiari one malformation with history of decompression surgery, degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, diabetes mellitus, obesity, peripheral neuropathy, chronic liver disease, anxiety disorder, posttraumatic stress disorder, osteoarthritis of the left knee. AR 18. The ALJ determined plaintiff had the Residual Functional Capacity ("RFC") to perform a range of light and sedentary work as defined in 20 CFR 404.1567(b) and 416.967(6). AR 22.

STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

DISCUSSION

**1. Medical evidence.**

Plaintiff challenges the ALJ's evaluation of the opinions of the following medical providers: Dr. Peter Weiss, Ph.D., Monica Hallak, ARNP, Jamie Graves, PT, DPT, and Dr. Myrna Palasi, M.D. Dkt. 10 at 3-8

Plaintiff initially filed the claim on October 9, 2019, so the ALJ applied the 2017 regulations. *See* AR 260-274. Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The Court found that "the requirement that ALJ's provide 'specific and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's to give a "more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources."  *Id.* at 792. Under the new regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id*. § 404.1520c(b)(2).

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

*Id.*

I.      Dr. Peter Weiss, Ph.D.

On August 27, 2020 Dr. Weiss conducted a psychological diagnostic evaluation of plaintiff which consisted of a mental status examination, and a sensorium and mental capacity evaluation. AR 2172-2176. Dr. Weiss diagnosed plaintiff with major depressive disorder, recurrent, moderate, and posttraumatic stress disorder. AR 2175. Dr. Weiss opined that plaintiff's memory was adequate, her socialization skills were moderately impaired, her sustained concentration and persistence were markedly impaired and her overall level of adaptive impairment was marked. *Id.*

The ALJ determined that Dr. Weiss's opinion was not fully persuasive on the basis that it was not supported by the findings of his own examination. AR 26. Specifically, the ALJ determined that Dr. Weiss's opinion that plaintiff's sustained concentration and attention are markedly impaired is contradicted by mental status examination findings that plaintiff has good concentration and attention. *Id.* The ALJ additionally found that the overall marked level of adaptive impairment is not supported by the longitudinal record and plaintiff's demonstrated functioning. *Id.*

An ALJ may reject an opinion for internal inconsistency. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Yet the ALJ must consider the context of the opinion in the record, including observation and treatment notes. *Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014).

When an ALJ seeks to discredit a medical opinion, they must explain why their own interpretations, rather than those of the doctors, are correct. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir.

1988)). Without explanation as to why Dr. Weiss's opinion that plaintiff's sustained concentration and attention are markedly impaired was inconsistent with the findings of good concentration and attention on the mental status exam, it appears that the ALJ improperly substituted their own lay opinion for that of the doctor. *See Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017) (holding that an ALJ improperly rejected an informed medical opinion and substituted their own judgment for that of the doctor's). From the medical opinion, it appears Dr. Weiss was indicating plaintiff had good concentration and attention during the period of the examination when she performed "Serial Sevens slowly but without error", yet Dr. Weiss also considered "her self-report, behavior in the evaluation, and performance on the mental status examination" and found plaintiff would not be unable to *sustain* concentration and persistence. AR 2175.

As for the ALJ's opinion that the overall marked level of adaptive impairment is not supported by the longitudinal record and plaintiff's demonstrated functioning, it is unclear what the ALJ is referring to. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (The Social Security Administration must set forth the reasoning behind its decisions in a way that allows for meaningful review, and the ALJ must build an accurate and logical bridge from the evidence to his or her conclusions). According to *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022), the "ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence".

Previously in the opinion the ALJ discredited plaintiff's claims that her mental impairments are disabling on the basis that plaintiff's symptoms are not as controlled as they may be, referencing the fact that plaintiff has been treated intermittently for anxiety,

depression, and PTSD and has refused to take any medication. AR 24. However, the

Administration will not find that a claimant's symptoms are inconsistent with the

evidence in the record on the basis that the frequency or extent of treatment sought by

an individual is not comparable with the degree of the alleged limitations "without

considering possible reasons he or she may not comply with treatment or seek

treatment consistent with the degree of his or her complaints." SSR 16-3p, 2016 WL

1119029; *see also*, *Nichols v. Califano,* 556 F.2d 931, 933 (9th Cir. 1977) (stating that a

claimant "need not submit to all treatment, no matter how painful, dangerous, or

uncertain of success, merely because one physician believes that a remedy may be

effective"). Therefore, the ALJ's reasons for rejecting Dr. Weiss's opinion are not

supported by substantial evidence.

II.     Nurse Hallak, ARNP

On June 24, 2021 Nurse Hallak filled out a medical or other source statement

wherein she identified the following diagnoses: DM Type 2, PTSD, Neck pain,

Hyperlipidemia, Depression, Anxiety, Back pain, and Chiari I malformation. AR 2495-

2496. She opined that plaintiff is unable to ambulate long distances, has neck pain,

back pain, shortness of breath, and weakness of hands (loss of grip). *Id*. at 2495. Nurse

Hallak additionally opined that plaintiff needs to lie down for 1-2 hours throughout the

day, feels she is unable to stand for a long period of time due to feet, knee, and back

pain, and would miss four or more days of work per month if she were to attempt a 40-

hour per week schedule due to her inability to stand for a long period of time. *Id*.

The ALJ found Nurse Hallak's opinion to be unpersuasive on the basis that her

opinion (1) appeared to be based on plaintiff's self-reported limitations which the ALJ

determined to be not wholly consistent with the objective evidence, (2) was not

consistent with the record as a whole, and (3) was not consistent with plaintiff's

demonstrated functioning. AR 27.

As for the ALJ's first reason, an ALJ may reject a doctor's opinion if it heavily

relies on a claimant's self-reported limitations that have largely been discredited.

*Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r

of Soc. Sec. Admin.*, 169 F.3d 595 602 (9th Cir. 1999)). Such a situation is

distinguishable from one in which the doctor describes his or her own observations in

support of the assessments and opinions. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d

1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing

reasons for rejecting an examining physician's opinion by questioning the credibility of

the patient's complaints where the doctor does not discredit those complaints and

supports his ultimate opinion with his own observations"). "[Wh]en an opinion is not

more heavily based on a patient's self-reports than on clinical observations, there is no

evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th

Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200).

Here Nurse Hallak was plaintiff's primary care physician during the period at

issue. *See* Dkt. 47. The ALJ did not explain her conclusion that the opinion was based

more on plaintiff's self-reports than objective evidence and therefore this reason for

rejecting her opinion is not supported by substantial evidence.

As for the ALJ's second and third reason for rejecting Nurse Hallak's opinion, the

ALJ does not identify which medical evidence undermines Nurse Hallak's opinion and

does not identify how plaintiff's functioning undermines the opinion. This lack of clarity is

error, because Court cannot accept a general finding and comb the administrative

record to find the conflict. *Brown-Hunter*, 806 F.3d at 494. Because the ALJ did not

identify evidence that contradicts Nurse Hallak's opinion, the Court is unable to

meaningfully review this issue. *See also, Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir.

2022) (ALJ is required to explain their reasoning).

III.     Jamie Graves, PT, DPT

On June 30, 2021 Therapist Graves completed a medical source statement on

behalf of plaintiff. Dkt. 2499-2500. Therapist Graves described plaintiff's symptoms as

lower back, buttocks, tailbone, neck, bilateral shoulders, bilateral hips pain, decreased

strength and numbness in her hands and a constant swollen feeling, bilateral foot and

left knee pain. Dkt. 2499. Therapist Graves opined that plaintiff needs to lie down during

the day, explaining that if she sits up for more than two hours it will cause bilateral pain,

back pain, headaches, and neck pain. *Id*.

He additionally opined that work on a regular and continuous basis would cause

her condition to continue to deteriorate because if she lifts anything it will cause pain,

and prolonged walking or standing necessitates her to stop or bend over to lean against

a cart in order to walk. *Id*. Therapist Graves also opined that plaintiff would miss four or

more days of work per month, stating that if she worked four to six hours twice per

week, she would have to sit and sleep in afterwards for one or two days. *Id*. at 2500. He

further indicated that plaintiff's exertional level is severely limited, meaning she is unable

to lift at least two pounds or is unable to stand and/or walk. *Id*.

The ALJ found Therapist Graves's opinion to be unpersuasive on the basis that

the severe limitations opined are inconsistent with plaintiff's reported and demonstrated

functioning throughout the record and the contemporaneous physical therapy notes of record. AR 27 citing 19F, 25F, 28F.

The records the ALJ cited do not support the ALJ's conclusion that the degree of limitations assessed by Therapist Graves was not supported by the treatment record. See AR 1744-2011, 2203-2267, 2357-2446. Furthermore, citing these records without further specificity as to what contradicts Therapist Graves's opinion is not sufficient to undermine Therapist Graves's opinion for the purpose of review. *Brown-Hunter*, 806 F.3d at 494. Additionally, as previously discussed, the ALJ's assertion that plaintiff's functioning undermines Therapist Graves's opinion without explanation is insufficient. Therefore, the ALJ's rejection of Therapist Graves's opinion is not supported by substantial evidence.

IV.    Dr. Myrna Palasi, M.D.

On July 6, 2021 Dr. Myrna Palasi, M.D. conducted a review of Medical Evidence on behalf of Washington State Department of Social and Health Services. AR 2522-2526. Dr. Palasi reviewed a report and completed a physical severity assessment and a physical functional assessment. *Id*. Dr. Palasi agreed with the less than sedentary RFC determination and recommended a severity rating of 5 for C-spine and L-spine DDD, Chiari I malformation. *Id*. at 2522. In the physical functional assessment Non – Exertional Table Dr. Palasi opined that plaintiff had a marked limitation in her postural restrictions and her gross or fine motor skill restrictions. AR 2525.

Dr. Palasi additionally opined that plaintiff had a severe limitation in her ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances. *Id*. She assigned no significant limitation (none or mild) in every

other work related ability. *Id*. On the Exertional Table Dr. Palasi opined that plaintiff would be unable to perform every activity. *Id*.

The ALJ found Dr. Palasi's opinion to be unpersuasive on the basis that it was made in a checkbox format with little explanation, it was based on the reports from Olympia Orthopedic, was not reflective of the longitudinal medical evidence of record as a whole, and was inconsistent with plaintiff's demonstrated functioning. AR 27.

An ALJ may "permissibly reject[ ] . . . check-off reports that [do] not contain any explanation of the bases of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012) (internal quotation marks omitted) (quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996)). Here the ALJ reasonably rejected Dr. Palasi's opinion on the basis that Dr. Palasi reviewed only one medical report in making her opinion – a June 2021 opinion from Olympia Orthopaedic – and did not provide much explanation for her opinion. Therefore, the ALJ's conclusion is supported by substantial evidence.

V.      Harmless Error

An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). If the errors of the ALJ result in a RFC that does not include relevant work-related limitations, the RFC is deficient and the error is not harmless. *Id.* at 1052, 1054*; see also, Carmickle v. Comm'r. Spc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished).

Here the vocational expert ("VE") testified that an individual who was unable to engage in sustained work activity on a regular and continuing basis due to a

combination of mental conditions would be unable to maintain employment on AR 86-87. Furthermore, the RFC did not include additional limitations opined by Nurse Hallak and Therapist Graves such as a need to sleep one to two hours per day, limit sitting to two hours a day, and limit lifting at all. Therefore, the errors in assessing the opinions of Dr. Weiss, Nurse Hallak, and Therapist Graves were not harmless.

### 2. Plaintiff's statements regarding subjective symptoms

Plaintiff challenges the ALJ's rejection of plaintiff's testimony that she uses a cane as needed when her back hurry and that it had been prescribed. Dkt. 10 at 8. The commissioner responds that plaintiff's argument concerning the use of a cane is immaterial because the VE testified that the use of a cane would have no bearing on the job numbers. Dkt. 16 at 14.

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a Plaintiff's credibility, the ALJ must determine whether Plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

The ALJ is required to state what testimony he or she determined to be not credible and point to the evidence that undermines the plaintiff's credibility. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Although the Court upholds an ALJ's findings

when they are supported by inferences reasonably drawn from the record, *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004), the ALJ must actually state such inferences to give a cogent explanation. The ALJ needs to make findings sufficiently specific to allow this Court to conclude that the ALJ rejected the testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony. *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001).

Any error committed in respect to this finding is harmless. An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). If the errors of the ALJ result in a RFC that does not include relevant work-related limitations, the RFC is deficient and the error is not harmless. *Id.* at 1052, 1054*; see also, Carmickle v. Comm'r. Spc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished).

In this case, the ALJ asked the VE during the hearing whether the need for a single point cane for ambulation would change the VE's response to the hypotheticals, to which the ALJ responded that it would eliminate the jobs in the first hypothetical, but would have no bearing on the jobs in the second. AR 86. The jobs in the second hypothetical (Storage Rental Clerk, DOT code 295.367-026, Office Helper, DOT code 239.567-010, and Mailroom Clerk, DOT code 209.687-026) are the jobs that the ALJ relied on in step five of the determination. AR  29. Therefore, any error in discounting plaintiff's use of a cane was harmless. However, because the ALJ erred in evaluating

the medical opinion evidence, the matter will be remanded and the ALJ is directed to

consider plaintiff's testimony regarding the use of a cane on remand.

### 3. Step Five

Plaintiff challenges the ALJ's reliance on the VE's testimony in determining the

RFC. Dkt. 10 at 10-16.

At step five of the sequential evaluation process, the ALJ has the burden of

determining whether "the claimant can perform a significant number of other jobs in the

national economy." *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the claimant is

not able to do so, the ALJ must find the claimant disabled. *Id*. The ALJ can meet this

burden by showing that there is other work in "significant numbers" in the national

economy by utilizing the testimony of a VE. *See Lounsburry v. Barnhart,* 468 F.3d 1111,

1114 (9th Cir. 2006); *see* 20 C.F.R. § 404.1560(c)(2).

A VE's "testimony is one type of job information that is regarded as 'inherently

reliable.'" *Ford*, 950 F.3d at 1160 (citing *Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir.

2017)). When uncontradicted, "a vocational expert's testimony may count as substantial

evidence even when unaccompanied by supporting data." *Biestek v. Berryhill*, 139 S.

Ct. 1148, 1155 (2019). Thus, "an ALJ is entitled to rely on a VE's testimony to support a

finding that the claimant can perform occupations that exist in significant numbers in the

national economy." *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1192 (9th Cir. 2022).

"Notwithstanding the foregoing, VE testimony is not incontestable." *Buck*, 869 F.3d at

1051. For example, a claimant may challenge the VE's "sources and methods—where

[the VE] got the information at issue and how [the VE] analyzed it and derived [the VE's]

conclusions." *Biestek*, 139 S. Ct. at 1156. A VE whose testimony is "so feeble, or

contradicted would fail to clear the substantial-evidence bar." *Id*. at 1155-56. Further, when there is a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"), the ALJ must "'determine whether the [VE's] explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT].'" *Buck*, 869 F.3d at 1051-52.

Plaintiff alleges that the ALJ failed to meet her step five burden because two of the jobs the ALJ relied on, Storage Rental Clerk (DOT code 295.367-026) and Mailroom Clerk (DOT code 209.687-026) are not "simple" and therefore cannot be performed by a plaintiff who is limited to simple, routine work. Dkt. 10 at 11-12. The commissioner responds that even if the ALJ erred in relying on Storage Rental Clerk and Mailroom Clerk, the error was harmless. Dkt. 16 at 10.

Assuming for the purposes of this analysis that the ALJ erred in relying on the VE's testimony concerning the General Educational Development ("GED") Reasoning level of 3, any error would be harmless. The record shows that there would still be more than 70,000 jobs available in the national economy for the role of Office Helper (Dot code 239.567-010) – a position that only required Level 2 reasoning. AR 29; *Carmickle v. Commissioner,* 533 F.3d 1155, 1162 (9th Cir. 2008) (error is harmless if "the ALJ's decision remains legally valid, despite such error"); *see Gutierrez v. Comm. of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (finding that 25,000 jobs available in the national economy constituted a "significant number" of jobs).

Plaintiff additionally argues that a sit/stand option and/or single point cane would preclude all of the occupations in the ALJ's step five finding. Dkt. 10 at 12-16. The commissioner responds that even with the sit/stand option the ALJ correctly relied on

1   the VE's testimony to determine that Office Helper (Dot code 239.567-010) was

2   classified as a light work occupation. Dkt. 16 at 10-11.

3          During the hearing, the VE testified that the identified jobs (Storage Rental Clerk,

4   DOT code 295.367-026, Mailroom Clerk, DOT code 209.687-026, and Office Helper,

5   DOT code 239.567-010) "are light in nature, not necessarily because of the standing

6   and walking but rather because of the gross and fine manipulation requirements and/or

7   potentially the lifting ability within the parameters of light work." AR 90. Plaintiff's

8   counsel objected to the testimony, arguing that the jobs as classified are actually

9   sedentary in nature as currently performed in the current labor market. AR 97. The ALJ

10  overruled the objection. *Id*. At step five the ALJ adopted the jobs the VE provided,

11  explaining:

12          The testimony of the vocational expert is not fully consistent with the Dictionary of
            Occupational Titles (DOT). The DOT describes each of the jobs cited above as
13          requiring light exertion. One of the elements of a job that puts it in the light
            category is the requirement to stand and/or walk for six hours in an eight-hour
14          workday. However, there are other criteria that may cause a job to be classified
            as light such as the required lifting. Upon cross examination the vocational expert
15          acknowledged that the hypothetical question before him would allow for the
            option to sit for most of the workday. However, he specifically testified that based
16          upon his experience, these particular light jobs would allow the employee to elect
            to either sit for most of the workday or stand for most of the workday as desired.
17          The vocational expert testified that these jobs are not light due to the required
            standing and/or walking, but rather due to the required lifting and fine and gross
18          manipulation requirements. The vocational expert further testified that use of a
            cane for ambulation would have no bearing on these job numbers. Again, he
19          indicated that his opinion is based upon his experience placing people in jobs
            with this specific limitation.

20  AR 29.

21          Plaintiff challenges the ALJ's conclusion that the occupations are light due to the

22  required lifting and gross manipulation requirements rather than the standing and/or

23  walking requirements on the basis that this conclusion is inconsistent with the VE's

24

25
                                                15

testimony during the hearing that these occupations did not require much carrying, which the VE specified as dockets, papers, pens, pencils (AR 91). Dkt. 10 at 14. As plaintiff notes, if she were to be deemed limited to sedentary work, the Medical-Vocational Guidelines ("grids") would mandate a finding of disability. 20 C.F.R. Pt. 404, Subpt. P. App. 2 § 201.14.

Pursuant to SSR 83-12, "[i]f the exertional level falls between two rules which direct opposite conclusions, i.e. "Not disabled" at the higher exertional level and "Disabled" at the lower exertional level... and the individual's exertional limitations are somewhere 'in the middle'" the ALJ is advised to consult a vocational expert for assistance. SSR 83-12, 1983 LEXIS 32 *6-7; *see also Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000) (where the plaintiff's exertional level falls between two of the grid rules, the ALJ should consult a vocational expert as to whether there are any jobs a disability claimant can do despite his or her limitations). However, SSR 83-12 also advises that "if the exertional capacity is significantly reduced in terms of the regularity definition, it could indicate little more than the occupational base for the lower rule and could justify a finding of 'Disabled.'" SSR 83-12, 1983 LEXIS 32 *6-7. A job is considered light work "when it requires a good deal of walking or standing – the primary difference between sedentary and most light jobs." SSR 83-10, 1983 SSR LEXIS 30, *13-14.

Here the ALJ considered the VE's testimony that the occupations are considered light jobs because of the lifting/carrying and fine and gross manipulation rather than because of the required standing and/or walking and found it to be persuasive. AR 30. The ALJ also considered conflicting testimony presented by plaintiff from plaintiff's own

1  vocational expert, Trevor Duncan, Psy,D. *Id*. Dr. Duncan opined that there are no

2  occupations that require GED Reasoning level 1-2 that a person can perform from a

3  seated position only. AR 420-422. The ALJ found these objections unpersuasive,

4  explaining that she was more persuaded by the VE's testimony "because it was based

5  on his consideration of specific hypotheticals posed at the hearing, in conjunction with

6  his professional experience knowledge, and expertise, which includes 36 years as a

7  vocational rehabilitation counselor." AR 30.

8          The commissioner argues that the ALJ's reliance on the VE's testimony is in line

9  with the Ninth Circuit's holding in *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002)

10  where the Court upheld the ALJ's decision when the ALJ consulted the VE to determine

11  whether a person with the plaintiff's limitations could perform substantial gainful work in

12  the economy. Dkt. 16 at 11-12.

13          Plaintiff argues that *Thomas* does not apply because in that case the ALJ limited

14  the claimant to light work with a sit/stand option and the plaintiff could lift up to 20

15  pounds and choose whether to sit or stand, which is not the case here where the

16  occupations identified would all be performed at the sedentary level and therefore the

17  grids mandate a finding of disability. Dkt. 17 at 7-8.

18          It was not error for the ALJ to consult the VE's testimony to resolve the

19  discrepancy and the ALJ reasonably relied on the VE's testimony based on his

20  expertise, rather than the DOT in this case.

21      4.  **Whether the Court should reverse with a direction to award benefits.**

22          "'The decision whether to remand a case for additional evidence, or simply to

23  award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664,

24

25

682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. *Leon*, 80 F.3d at 1045.

Based on a review of the record, the Court concludes that the record is not free from important and relevant conflicts, such as conflicts in the medical evidence. Therefore, this matter should be reversed for further administrative proceedings, including a *de novo* hearing, not with a direction to award benefits. *See id.*

CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings.

Dated this 2nd day of January, 2024.

Theresa L. Fricke
United States Magistrate Judge